UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-368-DLB

MOLLY RAMEY                                                                                          PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Molly Ramey filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) benefits on December 5, 2002. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 12, 2003. The ALJ issued an unfavorable decision on November 26, 2003, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review by letter dated September 7, 2004. The ALJ's decision, therefore, stands as the final decision of the Commissioner.

1

Plaintiff, who was 44 years old at the time of the hearing, completed a tenth grade education and later obtained her GED, and alleges an inability to work beginning on January 1, 2000, due to carpal tunnel syndrome and diabetes. At the hearing before the ALJ, Plaintiff also indicated that: she has high blood pressure; she experiences migraine headaches 3-5 times per month, the headaches last between 24-48 hours, and she has go to the emergency room for pain shots; she is unable to drive long distances; her hands are constantly numb and in pain, and her physician recommended surgery (carpal tunnel release), but she cannot afford it; she experiences pain and swelling in her legs, due to diabetes, which she has had for approximately two years;[1] she controls her diabetes with medication, which she takes 3 times per day, and wears support hose; her physician instructed her to elevate her feet to control the swelling, which she does 7 hours each day; it takes her several hours to get dressed in the morning, and, once she does, she watches television and occasionally does housework and goes grocery shopping; she has to lay down during the day because she does not sleep at night and experiences fatigue related to her diabetes; and the condition of her hands has progressively worsened - both hands are completely immobile and some of her fingers are "dead."

Having exhausted her administrative remedies, Plaintiff filed the instant suit on October 25, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

**A.     Overview of the Process**

---

[1] Interestingly, however, Plaintiff denied having diabetes when she was examined by Dr. Bobby Kidd on March 6, 2003. (Tr. 89).

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

As a preliminary matter, the Court notes that the ALJ resolved Plaintiff's claim at Step 2 of the sequential evaluation, which explains the relative brevity of his written decision. At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since January 1, 2000, her alleged onset date. (Tr. 14). At Step 2, the ALJ reviewed the medical evidence of record, as well as Plaintiff's subjective allegations, and concluded that Plaintiff had not sustained her burden of proving that she had a severe impairment. (Tr. 15).

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ erred by failing to recontact Dr. David Jenkinson, a one-time consultative examiner, to determine whether additional evidence was readily available. In support, Plaintiff relies on 20 C.F.R. § 404.1512(e)(1), which states:[2]

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

*Id*. In response, the Commissioner argues that the ALJ was not required to recontact Dr. Jenkinson where the medical evidence was not inadequate, ambiguous, or unclear.

Plaintiff was examined by Dr. Jenkinson on October 26, 2000 at the request of her family physician, Dr. Terry Wright. In a letter to Dr. Wright dated that same day, Dr. Jenkinson wrote:

---

[2]Because Plaintiff filed concurrent applications, the Court notes for the sake of completeness, that the applicable SSI regulation is 20 C.F.R. § 416.912(e)(1).

> This lady was seen regarding the problem with her right hand. She has had pain and numbness in the hand for the last few years. She was previously diagnosed as having probable carpal tunnel syndrome, but I don't think she has any nerve conduction studies. She continues to complain of pain which wakes her at night. Her long finger stays numb.
>
> On examination, she is quite overweight. She thinks her hand is swollen, but I am not really convinced that there is much significant swelling. There is a full range of motion of the joints of her wrist and hand. There is a very strongly positive Tinel's sign over the median nerve at the wrist.
>
> I agree that this lady has clinical signs for carpal tunnel syndrome. I have recommended surgical treatment. I have suggested that she should have carpal tunnel release. *She has not been able to work, and I think she needs this done to try and get her back to work as a hairdresser.* She is going to think about it, and will let me know if she wishes to have anything done, and I will arrange to have the surgery scheduled. Thank you for asking me to see her.

(Tr. 80) (emphasis added).[3] Plaintiff relies on the italicized statement in support of her argument that the ALJ was required to recontact Dr. Jenkinson.

Plaintiff misapprehends the function of the recontact requirement. The regulations expressly require an ALJ to recontact a medical source in three distinct circumstances: 1) where the report contains a conflict or ambiguity that must be resolved, 2) where the report does not contain all the necessary information, or 3) where the report does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1). None of those situations is implicated in this case. Moreover, the fact that a claimant hopes or speculates that a medical source will provide additional information that is potentially helpful is not a legitimate basis upon which to require recontact.

---

[3]This letter is the extent of Dr. Jenkinson's opinion.

5

Plaintiff is apparently asking the Court to infer certain conclusions based on Dr. Jenkinson's statements. The Court declines Plaintiff's invitation and concludes that the only information that can reasonably be gleaned from Dr. Jenkinson's letter is that: 1) Plaintiff has the clinical signs of carpal tunnel syndrome, 2) Dr. Jenkinson recommended surgical release. He also noted that, at the time of the examination, Plaintiff was not working. These facts - when considered in isolation or in combination with the other medical evidence that was presented - are insufficient to establish that Plaintiff's carpal tunnel syndrome constituted a severe impairment. For this reason, the Court concludes that Plaintiff has failed to raise a cognizable claim on appeal.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 21st day of November, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-368-RameyMOO.wpd